534

[S. F. No. 15902.   In Bank.—September 1, 1937.]

COUNTY OF KERN, Petitioner, v. S. A. WOODY, as County Auditor, etc., Respondent.

Thomas Scott, District Attorney, W. A. McGwin, Assistant District Attorney, Everett W. Mattoon, County Counsel (Los Angeles), and J. H. O'Connor, Assistant County Counsel (Los Angeles), for Petitioner.

Ray L. Chesebro, City Attorney (Los Angeles), Ivan Kelso, John R. Berryman, Jr., J. Allen Davis and Thomas J. White, as *Amici Curiae* on Behalf of Petitioner.

Borton, Petrini & Conron for Respondent.

U. S. Webb, Attorney-General, and H. H. Linney and James J. Arditto, Deputies Attorney-General, as *Amici Curiae* on Behalf of Respondent.

WASTE, C. J.—Petitioner, a political subdivision of the state, seeks by this petition for a writ of mandate to obtain a favorable interpretation of the provisions of the Unemploy-

ment Relief Bond Act of 1933 (Stats. 1933, p. 677), particularly those provisions of the act relating to the repayment by political subdivisions of the state of money borrowed from the state under the provisions of the act. The parties have stipulated that the issuance of an alternative writ of mandate is waived and that the matter may be submitted for decision upon the petition, the demurrer of the respondent thereto, and the points and authorities of the respective parties filed herein.

At certain dates, beginning on November 20, 1933, and ending with July 31, 1934, the County of Kern, by proceedings duly had by the board of supervisors, borrowed from the state of California, under the terms of the act above referred to, sums amounting in the aggregate to $215,000, and duly executed and delivered promissory notes therefor. In accordance with the terms and provisions of these notes a ten per cent instalment of principal upon each of them became due and payable on July 1, 1937. Subsequently, the county board of supervisors appropriated from the general county fund an amount sufficient to and for the purpose of repaying the instalment of principal together with accrued interest. At the same time, the board of supervisors directed the respondent auditor to prepare and issue a warrant drawn on the treasurer of the county, payable to the state treasurer, and in an amount equal to the ten per cent instalment of the matured principal, with interest accrued upon the total obligations to the state. The respondent refused to obey, basing his refusal upon the ground that, as the petitioner did not, nor did its board of supervisors on its behalf, at the time of applying for and of securing the loans, provide "other means of repayment", the county did not have the power or authority to repay the loans other than by deductions from the "Gas Tax", that is, the "Motor Vehicle Fuel Fund", and that moneys raised by local taxation are not legally available for such repayments. Following such refusal, the county brought this proceeding. Respondent has demurred.

The refusal of the respondent to draw and issue the warrant was justified by the provisions of the Unemployment Relief Bond Act. Its terms are so clear that we deem only a brief discussion necessary. An alleged "ambiguity" between the language of sections 2 and 23 of the act, asserted by *amici curiae*, fades into nothingness when all the provisions

of the statute are carefully read and analyzed. Sections 23 and 26 of the act provide that loans made to the counties must be repaid by means of "deductions" from the "Gas Tax" payments to the counties, beginning in the year 1938; but a county may, *at the time of applying for or securing a loan, provide other means* for the payment of the same. *It is admitted in petitioner's statement of facts that no "other means" was provided.*

Petitioner, in the instant case, alleges it has sufficient funds in its general treasury to repay the amount of the matured instalments of its loans and the accrued interest, and, at present, finds urgent need for all of its allocations of gasoline taxes from the state in the repair of its roads and highways. Such contentions cannot enter into the present discussion. The particularly clear and unequivocally expressed provisions of the act allow of no other interpretation. "It is true," says the attorney-general in an opinion rendered to the attorney for this petitioner in this very matter, "that section 2 of the Act provides that the loan shall constitute a debt of the borrowing county to the state, and that in the absence of any limitation, the borrowing county could repay from funds raised by a General Tax Levy. However, when we read sections 19, 23, 24 and 26 of the act along with section 2, we find that there is a definite statutory direction as to time and method of repayment and the funds to be used in such repayment." Petitioner did not provide "other means" for the repayment of the loans or any part thereof. It is therefore now limited to a discharge of the obligations by a withholding of gasoline tax funds exclusively, and may not repay them from the general fund raised by a general tax levy.

The demurrer is sustained. The issuance of a peremptory writ of mandate is denied.

Edmonds, J., Curtis, J., Shenk, J., Seawell, J., and Nourse, J., *pro tem.,* concurred.